UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JULIAN REYES,**<br>*Plaintiff*<br><br>v.<br><br>**CITY OF AUSTIN, INC., AUSTIN POLICE DEPARTMENT, TROY WISMAR, CHRISTOPHER CARLISLE, PATRICK WALSH, KYU SUK AN, SARAH FOSTER, GREG MCCORMACK, JOHN DOES, individually and in their official capacities,**<br>*Defendants* | § § § § § § § § § § § § § § § | **Case No. 1:21-CV-00992-LY-SH** |

## ORDER

Before the Court are Plaintiff's Civil Rights Complaint (Dkt. 1), Motion to Proceed *In Forma Pauperis* (Dkt. 2), and Motion for Permission to File Electronically (Dkt. 3), filed November 3, 2021. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management. Dkt. 4.

### I. Motion to Proceed *In Forma Pauperis*

Plaintiff Julian Reyes, acting *pro se*, seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application and financial affidavit in support, the Court finds that Plaintiff is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is advised that although he has been granted leave to

1

proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

According, the Court **HEREBY GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

## II.  Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, a plaintiff's *pro se* status does not offer him an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless

litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff alleges that the Austin Police Department has arrested him multiple times to prevent him from filming and reporting on its activities relating to homeless people in Austin. Dkt. 1 at 10. Plaintiff claims that he has been a journalist for the Challenger Street Newspaper for about 10 years and the Austin Police Department is depriving him of his First Amendment rights. *Id.* at 4.

The Fifth Circuit Court of Appeals has held that the First Amendment protects the right to record the police in performance of their official duties, subject to reasonable time, place, and manner restrictions. *Turner v. Lieutenant Driver*, 848 F.3d 678, 690 (5th Cir. 2017). Plaintiff therefore has alleged facts which, if true, might support relief under 42 U.S.C. § 1983. Accordingly, the undersigned recommends that the Court should not dismiss Plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B) as frivolous at this time.

### III. Motion for Permission to File Electronically

Plaintiff asks the Court to approve his request to become an electronic filing user in the United States District Court for the Western District of Texas. Dkt. 3. The Court hereby **GRANTS** Plaintiff's Motion for Permission to File Electronically (Dkt. 3).

**IT IS ORDERED** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action.

**IT IS FURTHER ORDERED** that Plaintiff, if he has not already done so, is directed to review the "General Information" section on the "CM/ECF" tab on United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov).

**IT IS FURTHER ORDERED** that Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on November 29, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE