UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JULIAN REYES,<br>    *Plaintiff*<br><br>v.<br><br>CITY OF AUSTIN, INC.; AUSTIN POLICE DEPARTMENT; and TROY WISMAR, CHRISTOPHER CARLISLE, PATRICK WALSH, KYU SUK AN, SARAH FOSTER, GREG MCCORMACK, and JOHN DOES, individually and in their official capacities,<br>    *Defendants* | Case No. 1:21-CV-00992-LY-SH |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Defendants' Rule 12(b)(1) & (6) Motion to Dismiss, filed January 24, 2022 (Dkt. 8), is now before the Court. On February 8, 2022, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 9.

## I.   Background

Plaintiff Julian Reyes, acting *pro se*, brings this civil rights action under 42 U.S.C. § 1983. Reyes is a reporter and videographer for the Challenger Street Newspaper operated by homeless individuals in Austin, Texas. Complaint, Dkt. 1 at 4. Reyes alleges that officers with the Austin Police Department ("APD") repeatedly have wrongfully arrested him in retaliation for filming their interactions with unhoused people.

1

Reyes alleges that on November 5, 2019, APD Corporal Christopher Carlisle, Sergeant Troy Wismar, and "several officers" conspired together with Greg McCormack, who then worked for the Austin Resource Center for the Homeless ("ARCH"),[1] "to deprive people of their rights" during a protest in front of the Salvation Army. *Id.* Reyes alleges that he was inside his tent filming the police when Carlisle came to his tent and "said that I was being charged and arrested for my political beliefs and views, basically for protesting, filming and defending the rights of unhoused and marginalized, gentrified poor people living on the streets of Austin." *Id.* Reyes alleges that McCormack "was on site talking to the police, prior to my false arrest, about how to remove and arrest me to deprive me of my rights." *Id.* at 6. He further alleges that APD Officer Patrick Walsh wrongfully arrested him for committing the misdemeanor offense of violating the City's camping ban. *Id.* at 4, 6.

Reyes alleges that the camping charge was dismissed on the merits on November 18, 2019. *Id.* at 4. He further alleges that: "Since that time I have been falsely arrested in retaliation for filming the Austin Police department several times, so many times I have lost count." *Id.*

On October 24, 2021, Reyes alleges, he was arrested on a Class C misdemeanor "for my free speech on a public sidewalk." *Id.* at 8. He alleges that his cameras, which are his "primary work equipment and evidence to defend myself in court," were seized by APD. *Id.* Reyes further alleges that his 2021 arrest "is one of about 10 [or] so arrests by Austin Police agents, acting together, to deprive me of my rights to free speech and free press, transparency of government, accountability of police, and due process rights." *Id.* He avers that "I currently have 8 or 9 open retaliatory, police abuse, arrests in 2 courts in Austin." *Id.* at 9. All but one, Reyes alleges, "are misdemeanor arrests for filming the police depriving poor people of their rights." *Id.*

---

[1] Reyes alleges McCormack was director of Front Steps, which manages the ARCH shelter. Dkt. 1 at 7.

On November 3, 2021, Reyes filed this lawsuit, alleging that his repeated arrests violated his rights under First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.[2] *Id.* at 2. Reyes also asserts a claim for conspiracy under 42 U.S.C. § 1985. He alleges that APD has a "practice of false arrests to deprive Citizens of their rights," including the First Amendment right "to film the Austin Police Department at work in public." Dkt. 1 at 4. He further alleges that this practice culminated in his multiple false arrests, rendering the City liable for the individual APD officers' actions under Section 1983. *Id.*

Defendants the City of Austin (the "City"), Greg McCormack, and APD Officers Troy Wismar, Christopher Carlisle, Patrick Walsh, Kyu Suk An, and Sarah Foster move to dismiss Reyes' claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[3] Reyes did not respond to Defendants' motion.

## II.  Legal Standards

### A.  Rule 12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] Although Plaintiff included an Eighth Amendment violation his Section 1983 claim, the Court construes his claim under the Fourteenth Amendment. *See Esquivel v. Eastburn*, No. SA-20-CV-00377-OLG, 2021 WL 1667132, at *6 (W.D. Tex. Apr. 28, 2021) (construing pretrial detainee's Eighth Amendment claims under Fourteenth Amendment).

[3] Defendants cite Rule 12(b)(1) in the title of their motion but seek dismissal under Rule 12(b)(6) only. Also, the Austin Police Department is not subject to suit because it is not a separate legal entity from the City of Austin. *Taylor v. Anderson*, No. A-13-CV-464-LY, 2014 WL 547032, at *5 n.3 (W.D. Tex. Feb. 10, 2014) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)).

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### B. Section 1983

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

To state a claim under Section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Claims under Section 1983 may be brought against persons in their individual or official capacity, or against a governmental entity. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). It is well established that a municipality or a local governmental unit is not liable

4

under Section 1983 on the theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it through some official action or imprimatur." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (internal quotation marks omitted). A municipality is liable under Section 1983 for its officers and employees' actions when they are executing an official policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001).

### III.  Analysis

Reyes did not file a response to Defendants' Motion to Dismiss. Nonetheless, the Court addresses the merits of the motion, as the Fifth Circuit Court of Appeals has not approved the automatic grant of dispositive motions. *Johnson v. Pettiford*, 442 F.3d 917, 918-19 (5th Cir. 2006).

#### A.  Municipal Liability

To establish municipal liability under Section 1983, a plaintiff must plead facts that plausibly establish (1) an official policy (2) promulgated by a policymaker (3) that was the "moving force" behind the violation of the constitutional right. *Piotrowski*, 237 F.3d at 578. The City contends that Reyes has failed to adequately plead all three of these elements. Specifically, Defendants argue that Reyes has not sufficiently alleged that any APD policy, practice, or custom caused a violation of his constitutional rights, identified an alleged policymaker, or shown that a City policy was the moving force behind his constitutional violation.

##### 1.  Official Policy

An official policy can include written policy statements, ordinances, or regulations, as well as a widespread practice that is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). A policy or custom is official when it results from the decision or acquiescence of the municipal

officer or body with final policymaking authority over the subject matter of the offending policy. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).

Municipal liability claims based on a local government's customs generally require that the plaintiff demonstrate a pattern of conduct, because "one act is not itself a custom." *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002). "A pattern requires similarity and specificity; '[p]rior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question.'" *Peterson*, 588 F.3d at 851 (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). A pattern also requires sufficiently numerous prior incidents, not isolated instances. *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

A "First Amendment right to record the police does exist, subject only to reasonable time, place, and manner restrictions." *Turner v. Lt. Driver*, 848 F.3d 678, 688 (5th Cir. 2017); *see also Kokesh v. Curlee*, 14 F.4th 382, 393 (5th Cir. 2021) (stating that recording state trooper "is a protected activity under the First Amendment"). Reyes alleges that the City has a widespread practice or custom in which police officers falsely arrest people to prevent them from exercising their First Amendment right to record police activities. Dkt. 1 at 4.

In his Complaint, Reyes alleges facts regarding multiple instances in which he was purportedly arrested by APD while filming police activity. Reyes identifies two separate arrests and alleges that "about 10 [or] so" additional arrests occurred under similar circumstances. *Id.* at 3, 8.

Once again, at the motion to dismiss stage of a proceeding, the Court must assume that all allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Court finds that Reyes has made specific factual allegations allowing a reasonable inference that the City had a policy, practice, or custom of arresting individuals to prevent them from filming police activities.

Therefore, his pleadings are sufficient to state a viable claim under Section 1983. *See, e.g.*, *Sanchez v. Gomez*, 283 F. Supp. 3d 524, 536 (W.D. Tex. 2017) (denying motion to dismiss where plaintiffs alleged nine instances of use of excessive force against mentally ill victims in four years), *appeal dismissed*, 2018 WL 1989633 (5th Cir. Feb. 22, 2018); *Barr v. City of San Antonio*, No. SA-06-CA-0261-XR, 2006 WL 2322861, at *4 (W.D. Tex. July 25, 2006) (finding allegations of four prior lawsuits against city concerning unlawful arrest and excessive force sufficient to state a "policy or custom" claim under Section 1983).

### 2. Policymaker

Defendants further argue that Reyes' Section 1983 claim fails because he does not reference any alleged policymaker in his Complaint. The Fifth Circuit Court of Appeals has specifically rejected this contention, holding that the identity of the policymaker is a question of state law, not fact, and therefore courts should not grant motions to dismiss for failing to plead the specific identity of the policymaker. *Groden v. City of Dallas*, 826 F.3d 280, 284 (5th Cir. 2016) ("[T]he specific identity of the policymaker is a legal question that need not be pled; the complaint need only allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable."); *see also Balle v. Nueces Cnty.*, 952 F.3d 552, 559 (5th Cir. 2017) (reversing dismissal of claim against county because plaintiff was not required to plead identity of policymaker).

### 3. Nexus

To satisfy the third element and show that a policy was the "moving force" behind the constitutional violation under Section 1983, there must be "a direct causal link" between the policy and the violation, not merely a "but for" coupling between cause and effect. *Peterson*, 588 F.3d at 848. Reyes alleges that, because of the City's custom of arresting those who film police activities, APD officers wrongfully arrested him on multiple occasions, which resulted in his constitutional

7

injury. He specifically alleges that all but one of his misdemeanor arrests are "for filming the police depriving poor people of their rights" and not for any actual violation of the law. Dkt. 1 at 9. The facts alleged in Reyes' Complaint state a plausible claim that the City's policy was the "moving force" behind the alleged violations of his constitutional rights under the First, Fourth, and Fourteenth Amendments.

For the foregoing reasons, the undersigned Magistrate Judge recommends that the District Court deny Defendants' Motion to Dismiss Reyes' Section 1983 claim against the City of Austin.

### B. Individual Defendants

Reyes also asserts Section 1983 claims against several APD officers and McCormack, a private citizen. Defendants argue that the APD officers are entitled to qualified immunity, and that Reyes fails to state a claim against McCormack.

#### 1. Officers Sarah Foster and Kyu Suk An

Reyes names APD Officers Sarah Foster and Kyu Suk An as defendants, but alleges no facts against either officer in his Complaint. Dkt. 1 at 2. "To be liable under § 1983, [an officer] must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner*, 848 F.3d at 695-96*; see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980) (stating that "vicarious liability cannot be the basis for recovery" under Section 1983 and that "[l]iability may be found only if there is personal involvement of the officer being sued"). Reyes' claims against these two defendants fail as a matter of law because he pleads no allegations that they were personally involved in or causally connected to his allegedly wrongful arrests. *See Turner*, 848 F.3d at 696 (stating that plaintiff failed to allege officer violated Fourth Amendment rights where he did not allege that police officer had any personal involvement in his arrest). Accordingly, the claims against Officers Sarah Foster and Kyu Suk An should be dismissed.

### 2. Corporal Christopher Carlisle, Officer Patrick Walsh, Sergeant Troy Wismar, and John Doe Officers

Defendants argue that the remaining APD officers are entitled to qualified immunity from Reyes' individual capacity claims. Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity shields from liability 'all but the plainly incompetent or those who knowingly violate the law.'" *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). An official who violates a federal right is entitled to qualified immunity if his or her actions were objectively reasonable. *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993). Therefore, "qualified immunity represents the norm." *Harlow*, 457 U.S. at 807.

Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available. *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). To rebut the qualified immunity defense, a plaintiff must show that (1) the allegations make out a violation, and (2) the violation was "clearly established" at the time of the defendant's conduct. *Id.* To do so, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

Because he did not respond to Defendants' grounds for dismissal of his Section 1983 claims based on qualified immunity, Reyes has failed to meet his burden to negate Defendants' qualified immunity defense. *See Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (stating that plaintiff has burden to negate qualified immunity defense once properly raised); *S.C. v. Round Rock Indep. Sch. Dist.*, No. A-19-CV-1177-SH, 2020 WL 1446857, at *8 (W.D. Tex. Mar. 25,

9

2020) (finding that plaintiffs did not meet burden to negate defense when they failed to respond to defendant's grounds for dismissal based on qualified immunity). Accordingly, the undersigned Magistrate Judge recommends that Reyes' claims against Carlisle, Walsh, Wismar, and the John Doe Officers be dismissed for failure to state a claim.

### 3. Greg McCormack

For a private citizen to be held liable under Section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors. *Childers v. San Saba Cnty.*, No. A-14-CV-916-LY-ML, 2015 WL 13694667, at *14 (W.D. Tex. Nov. 30, 2015) (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)). The plaintiff must allege (1) an agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

Defendants argue that Reyes' Section 1983 claim against McCormack fails because Reyes has alleged neither that McCormack was a state actor nor facts showing that McCormack entered a conspiracy with the City to deprive Reyes of his constitutional rights. Reyes alleges that McCormack, then working for the ARCH homeless shelter, "was involved in clearing out all the people camped outside" the shelter and talked to APD officers about removing Reyes immediately before his arrest on November 5, 2019. Dkt. 1 at 6. Accordingly, Reyes can pursue a Section 1983 against McCormack only if he can show a conspiracy between McCormack and the City.

Reyes has not alleged facts showing the existence of an agreement between McCormack and any state actor to commit an illegal act. He makes only a conclusory allegation that McCormack "conspired to deprive [him] of [his] civil rights." *Id.* at 7. This is insufficient to state a claim. *See Priester*, 354 F.3d at 421 (holding that dismissal of Section 1983 claim was appropriate because

10

plaintiff did not allege an agreement between defendants to commit an illegal act or specific facts to show an agreement). The Court recommends that Reyes' Section 1983 claim against McCormack be dismissed.

### C. Civil Conspiracy under Section 1985

Finally, Defendants assert that Reyes has failed to allege facts to support a civil conspiracy claim under Section 1985. The Court agrees that Reyes has not stated such a claim. Assuming that Reyes asserts his claim under Section 1985(3), he does not allege that he was arrested because of his race. *See Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (stating that "the conspiracy must also have a racially based animus"). Therefore, Plaintiff's Section 1985 claim should be dismissed.

### IV. Recommendations

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Defendants' Motion to Dismiss (Dkt. 8) under Rule 12(b)(6).

The Court **RECOMMENDS** that the District Court **GRANT** the Motion and **DISMISS** with prejudice Plaintiff's claims against Greg McCormack and APD Officers Troy Wismar, Christopher Carlisle, Patrick Walsh, Kyu Suk An, and Sarah Foster, and **DENY** Defendants' Motion as to Plaintiff's Section 1983 claims against the City of Austin.

Should the District Court adopt this Report and Recommendation, Plaintiff's only remaining cause of action will be his Section 1983 claim against the City of Austin.

### V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

11

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 15, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE