UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JULIAN REYES,** § | |
| *Plaintiff* § | |
| § | |
| **v.** § | |
| § | |
| **CITY OF AUSTIN, INC., AUSTIN** § | **CASE NO. 1:21-CV-00992-LY-SH** |
| **POLICE DEPARTMENT, and** § | |
| **JOHN DOES,** § | |
| *Defendants* § | |

## ORDER

Before the Court are Plaintiff's Motion for Appointment of Counsel (Dkt. 15) and Motion for Stay/Leave (Dkt. 16), both filed May 22, 2022.[1]

### I. Background

Plaintiff Julian Reyes, acting *pro se*, brought this civil rights action under 42 U.S.C. § 1983. Reyes is a reporter and videographer for the Challenger Street Newspaper operated by homeless individuals in Austin, Texas. Complaint, Dkt. 1 ¶ 4. Reyes alleges that officers with the Austin Police Department ("APD") repeatedly have wrongfully arrested him in retaliation for filming their interactions with unhoused people. *Id.* Reyes alleges that his repeated arrests violated his rights under First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* ¶ 3. He alleges that APD has a "practice of false arrests to deprive Citizens of their rights," including the First Amendment right "to film the Austin Police Department at work in public." *Id.* ¶ 4. He further claims that this practice culminated in his multiple false arrests, rendering the City of Austin ("the City") liable for the individual APD officers' actions under § 1983. *Id.*

---

[1] The District Court referred all dispositive and nondispositive motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 9.

1

The undersigned Magistrate Judge granted Reyes *in forma pauperis* status and recommended that the District Court grant Defendants' Motion to Dismiss Reyes' claims against individual defendants Greg McCormack and APD Officers Troy Wismar, Christopher Carlisle, Patrick Walsh, Kyu Suk An, and Sarah Foster, but deny the motion as to Reyes' § 1983 claims against the City. Dkts. 5, 10. The District Court adopted the Report and Recommendation, and Reyes' only remaining cause of action is his § 1983 claims against the City. Dkt. 14.

## II. Appointment of Counsel

Reyes asks the Court to appoint counsel to represent him in this action. Dkt. 15. Reyes avers that he has contacted private attorneys, legal aid associations, and a lawyer referral service, but has been unable to secure representation. Dkt. 15-1. Reyes seeks appointment of counsel based on the "overwhelming complexity of the court rules and procedures" and "the discovery of evidence in a complex claim of multiple agents and incidents of false arrest," and because "the evidence will consist of conflicting testimony and contested facts and omissions of evidence by the City." Dkt. 15 ¶¶ 3, 7. The City did not file a response to Reyes' motion.

The Court may appoint counsel in *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(e)(1). District courts have discretion under § 1915(e)(1) to appoint an attorney to represent an indigent litigant. "But the appointment of counsel in a civil case is a privilege and not a constitutional right. It should be allowed in civil actions only in exceptional cases." *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982); *see also Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("Even when a plaintiff has nonfrivolous § 1983 claims, a trial court is not required to appoint counsel unless the case presents exceptional circumstances.") (cleaned up). The Fifth Circuit Court of Appeals has identified factors courts should consider in determining whether exceptional circumstances warrant the appointment of counsel, including:

> (1) the type and complexity of the case;
>
> (2) the petitioner's ability adequately to present and investigate his case;
>
> (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
>
> (4) the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

The Court is mindful that Reyes has requested appointment of counsel in at least four previous civil rights actions in this Division.[2] In the first, *Reyes v. Walsh*, 1:15-CV-327-RP, which Reyes filed after his dog was shot and killed by Austin police in 2013, counsel was appointed and represented Reyes through settlement of his claims for unlawful seizure of his person. Reyes' requests were denied in three subsequent cases. *Reyes v. Tex. Dep't of Public Safety*, 1:16-CV-889-RP, Dkt. 41 (denying third motion to appoint counsel because "the legal and factual issues in this case are not so complex as to present the sort of exceptional circumstances that would justify appointing counsel"); *Reyes v. Berry*, 1:17-CV-908-RP, Dkt. 19 ("At this stage in the litigation, the Court finds that this case appears to raise neither novel nor complex issues."); *Reyes v. Sebek*, 1:19-CV-367-LY, Dkt. 21.

The Court has carefully considered the relevant factors and concludes that counsel should be appointed based on the circumstances presented at the current stage of this case. First, Reyes asserts a municipal liability claim against the City, alleging violations of his First, Fourth, and Fourteenth Amendments rights.

---

[2] A sixth case, *Reyes v. City of Austin, Inc.*, 1:22-CV-22-LY, was dismissed as duplicative of this action and therefore frivolous pursuant to § 1915(e)(2). *Id.* at Dkt. 4, Dkt. 9.

Section 1983 cases are "by their nature more complex than many other cases," but that alone is insufficient to warrant the appointment of counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986). Because Reyes alleges that he is a journalist with the Challenger Street Newspaper, however, evaluation of his § 1983 claim may involve particularly complex issues. Reyes' Fourth Amendment false arrest and First Amendment retaliatory arrest claims against the City likely will turn on whether there was probable cause for his arrest. *See, e.g.*, *Villarreal v. City of Laredo*, 44 F.4th 363, 374 (5th Cir. 2022) (stating that to prevail on Fourth Amendment false arrest claim, plaintiff, a journalist, must show that she was seized and the seizure was unreasonable because it lacked probable cause); *Buehler v. Dear*, 27 F.4th 969, 993-94 (5th Cir. 2022) (affirming dismissal of First Amendment retaliatory arrest claim because officers had probable cause to arrest plaintiff filming police). The existence of probable cause, however, is not necessarily dispositive of Reyes' Fourteenth Amendment claim. *See, e.g.*, *Villarreal*, 44 F.4th at 377 (stating that probable cause is not a bar to a selective enforcement claim under the Fourteenth Amendment). Reyes also alleges numerous false arrests, involving several different agents of the City. *Cf. Kiser v. Dearing*, 442 Fed. App'x. 132, 134 (5th Cir. 2011) (denying request for appointment of counsel where "facts surrounding the single incident and the subsequent disciplinary hearing [were] relatively straightforward"). The Court finds that the first factor weighs in favor of appointing counsel.

Second, Reyes has demonstrated that he is unable to adequately investigate and present his case. Reyes alleges that he has been "chronically homeless for about 20 years." Dkt. 1 ¶ 1. He further contends that his repeated arrests by the Austin Police Department interfere with his ability to prosecute the case. The fact that Reyes failed to respond to Defendants' Motion to Dismiss (Dkt. 8) demonstrates his inability to prosecute his case. In addition, the effort required to prosecute this case is greater at this stage of the proceeding, given that Reyes' claims against the

4

City survived the motion to dismiss stage and his case may proceed to summary judgment or trial. The Court finds that the second factor also weighs in favor of appointing counsel.

Third, it is likely that the evidence will consist largely of conflicting testimony concerning the City's purported practice of making false arrests to prevent the exercise of First Amendment rights, requiring skill in presentation of evidence and in cross-examination. This factor also weighs in favor of appointing counsel. *Cf. Jackson*, 811 F.2d at 262 (denying request for appointment of counsel where "review of the record indicates that the evidence will consist primarily of official records and other documentary type evidence").

With respect to the fourth factor, appointment of counsel likely will benefit Reyes, the court, and the City by promoting efficient and just adjudication of Reyes' claims.

As each of the relevant factors weighs in favor of appointing counsel, the Court finds that exceptional circumstances warrant the appointment of counsel in this case. Accordingly, the Court **GRANTS** Plaintiff's Motion for Appointment of Counsel (Dkt. 15). The Court hereby appoints the following attorney to represent Julian Reyes in the above-styled and numbered cause:

> Peter D. Kennedy
> Graves Dougherty Hearon & Moody
> 401 Congress Avenue, Suite 2700
> Austin, Texas 78701

### III.  Motion to Stay

Reyes asks the Court to stay this action "for at least 30 days while I seek legal attention on these matters," and because he expected to lose internet access until late June or early July 2022. Dkt. 16 ¶ 1. He also asserts that he has been unable to find counsel and prepare a defense due to alleged harassment by the City and police. *Id.* ¶ 12. Defendants did not respond to Reyes' motion to stay.

A district court's power to stay proceedings is incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Although a district court has wide discretion to stay proceedings, its power is not unbounded. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). A court must weigh the competing interests when exercising its discretion to issue a stay. *Landis*, 299 U.S. at 254-55. The moving party "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255.

The Court finds that the balance of interests does not justify staying this case. Reyes' argument that he expected to lose internet access until July 2022 is moot, and he has provided no additional information regarding his current access. Because no scheduling order has been entered in this case, furthermore, there are no pending deadlines for which Reyes would require an extension of time. Plaintiff's Motion to Stay (Dkt. 16) is **DENIED** without prejudice to refiling.

### IV.   Motion to Amend

Finally, the Court construes Reyes' Motion for Stay/Leave as embodying a motion for leave to amend. *See* Dkt. 16 ¶ 14 ("I would also like the opportunity to amend my complaint . . . ."). Reyes did not attach a proposed amended complaint to his Motion to Amend, as required by Local Rule CV-7(b). Despite proceeding *pro se*, Reyes must comply with the Federal Rules of Civil Procedure and Local Rules. *See Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Reyes also does not specify any legal or factual information he proposes to add. For these reasons, the Court **DENIES** Plaintiff's Motion to Amend (Dkt. 16) without prejudice to refiling.

**SIGNED** on September 16, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE