UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIAN REYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF AUSTIN, AUSTIN POLICE DEPARTMENT, TROY WISMAR, CHRISTOPHER CARLISLE, PATRICK WALSH, KYU SUK AN, SARAH FOSTER, GREG McCORMACK, and JOHN DOES, individually and in their official capacities, | § § § § § § § § | Case No. 1:21-CV-00992-RP-SH |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Julian Reyes brings this action against Defendant City of Austin, Texas, and would respectfully show:

**I.    Introduction.**

1. Plaintiff Julian Reyes is a videographer, reporter, legal documentarist, and street advocate. He brings this lawsuit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000aa, *et seq.*, to vindicate the City of Austin's repeated violation of his constitutional and statutory rights.

**II.   Parties.**

2. Plaintiff Julian Reyes is a resident of Travis County, Texas.

3. Defendant City of Austin is a home rule city that has appeared and answered.

**III.  Jurisdiction and Venue.**

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983, 1988, and 2000aa-6(h).

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the City of Austin is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**IV.  Factual Allegations.**

6.  Plaintiff Julian Reyes is a reporter and videographer.  His work is published in *The Challenger Street Newspaper*, which is published by homeless individuals and advocates in Austin, Texas.  Reyes' video journalism is also published on YouTube and elsewhere.

7.  Reyes has been repeatedly and wrongly arrested by officers with the Austin Police Department ("APD") while filming APD officers' interactions with unhoused people and other public actions.

8.  For instance, on November 5, 2019, Reyes was filming the APD officers engaged in disrupting a protest in front of the Salvation Army homeless shelter in downtown Austin, Texas. While observing and filming, an APD officer informed him, by words and actions, that Reyes was being arrested for protesting, filming, and advocating for the rights of unhoused people living on the streets of Austin.  Another APD officer arrested Reyes as he was engaged in observing and filming APD officers interacting with other people who were also engaged in exercising their First Amendment rights.

9.  Reyes' arrest on November 5, 2019, was purportedly for committing the misdemeanor offense of violating the City's camping ban.  However, the camping charge against Reyes was dismissed on the merits on or about November 18, 2019.  Reyes' arrest was without

probable cause and was a pretext to stop Reyes from recording the police, to retaliate against him for doing so, and to discourage him from doing so in the future.

10. On October 24, 2021, Reyes was arrested on a Class C misdemeanor while exercising his free speech rights on a public sidewalk. During this arrest, Reyes' cameras, which are his primary work equipment, were seized by APD. Reyes' cameras contained work product and documentary materials that he intended to publish to the public.

11. Reyes' October 24, 2021, arrest was without probable cause and was a pretext to stop Reyes from recording the police, to retaliate against him for doing so, and to discourage him from doing so in the future. This charge was likewise dismissed.

12. Between June 2, 2014, through March 2023, Reyes was repeatedly arrested and/or interfered with by APD officers while engaged in the exercise of his rights to free speech and the press. City of Austin records reflect that on at least thirteen occasions, Reyes was arrested or interfered with by APD while filming APD activities. All, or nearly all, of these arrests were for filming the police while engaged in their duties, not for any violation of the law. By January 2017, if not sooner, the APD had labelled Reyes an "anti-police activist" based on his exercise of his rights to free speech and the press and repeatedly noted this disparaging label for Reyes in official police reports. APD repeatedly arrested Reyes on other charges which, on information and belief, were pretexts for retaliating against Reyes for exercising his rights to free speech and press and intended to discourage him from further exercising those rights.

V. **Causes of Action.**

　　A. **Section 1983.**

13. Reyes incorporates the allegations in the above paragraphs of this Complaint as though fully alleged herein.

14. Reyes' observation and recording of APD officers as alleged herein was an exercise of his constitutional rights to free speech and press as applied to the states and their subdivisions by the Fourteenth Amendment.

15. In committing the acts complained of, the City of Austin and its APD officers acted under color of state law to deprive Reyes of those constitutional rights.

16. The First Amendment right to record the police, made applicable to the states and their subdivisions through the Fourteenth Amendment, is well-established and was well-established at the time of each of Reyes' arrests.

17. Reyes' arrests are the result of a widespread practice or custom in which APD police officers falsely arrest people, or arrest them on pretextual bases, to prevent them from exercising their constitutional right to record police activities.

18. Reyes' arrests in particular are the result of a common practice or custom in which APD police officers falsely arrest Reyes in particular, or arrest him on pretextual bases, to prevent him from exercising his constitutional right to observe and record police activities, to retaliate against him for having exercised his constitutional right to observe and record police activities in the past, and/or to discourage him from exercising his constitutional right to observe and record police activities in the future.

19. Such arrests are so common and regular that they constitute a pattern of conduct, not isolated incidents. Such arrests constitute a custom that fairly represents City of Austin policy that is promulgated, endorsed, and/or tolerated by the City. This policy or practice was the moving force behind Reyes' arrests.

20. As a direct and proximate result of the City of Austin's violation of his constitutional rights, Reyes suffered actual damages.

**B.     Violation of the Privacy Protection Act of 1980 (42 U.S.C. §§ 2000aa, *et seq.*) – Seizure of Work Product Materials.**

21.     Reyes incorporates the allegations in the above paragraphs of this Complaint as though fully alleged herein.

22.     The City of Austin's seizures of Reyes' cameras, videos, and other materials constituted the unlawful seizure of work product materials as defined in 42 U.S.C. § 2000aa-7(b), in violation of 42 U.S.C. § 2000aa(a). Reyes brings this action pursuant to 42 U.S.C. § 2000aa-6(a)(1) & (f).

23.     The City of Austin, through its agents, seized Reyes' work product materials while knowing, believing, or with reason to believe that Reyes possessed such materials with the purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication, in or affecting interstate or foreign commerce.

24.     The seized materials constituted materials, in anticipating of communicating such materials to the public, that were prepared, produced, authored, or created by Reyes and/or others, were possessed for the purposes of communicating such materials to the public, and included Reyes and/or others' mental impressions, conclusions, opinions, and theories.

25.     There was no probable cause to believe that Reyes had committed a criminal offense to which the materials related or reason to believe that the immediate seizure of such materials was necessary to prevent the death of, or serious bodily injury to, a human being.

26.     The City of Austin's unlawful seizures caused Reyes actual damages. Reyes sues to recover his actual damages, but not less than liquidated damages of $1,000 for each violation, reasonable attorneys' fees and other litigation costs incurred, and pre-judgment interest.

**C.     Violation of the Privacy Protection Act of 1980 (42 U.S.C. §§ 2000aa, *et seq.*) – Seizures of documentary materials.**

27.     The City of Austin's seizures of Reyes' cameras, videos, and other materials constituted seizures of documentary materials as defined in 42 U.S.C. § 2000aa-7(a), in violation of 42 U.S.C. § 2000aa(b).  Reyes brings this action pursuant to 42 U.S.C. § 2000aa-6(a)(1) & (f).

28.     The seized materials were possessed by Reyes in connection with the purpose of disseminating to the public a newspaper, book, broadcast, or other similar form of public communication, in or affecting interstate or foreign commerce.

29.     The seized materials consisted of materials upon which information was recorded, and including written or printed materials, photographs, motion picture films, negatives, video tapes, audio tapes, and/or other mechanically, magnetically, or electronically recorded cards, tapes, or discs.  The materials were not contraband or the fruits of a crime or things otherwise criminally possessed, or property designed or intended for use, or which is or has been used as, the means of committing a criminal offense.

30.     There was no probable cause to believe that Reyes had committed a criminal offense to which the materials related; no reason to believe that the immediate seizure of such materials was necessary to prevent the death of, or serious bodily injury to, a human being; no reason to believe that the giving of notice pursuant to a subpoena duces tecum would result in the destruction, alteration, or concealment of such materials; and no court order directing compliance with a subpoena duces tecum.

31.     The City of Austin's unlawful seizures caused Reyes actual damages.  Reyes sues to recover his actual damages, but not less than liquidated damages of $1,000 for each violation, reasonable attorneys' fees and other litigation costs incurred, and pre-judgment interest.

## VI. Prayer for Relief.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Julian Reyes seeks judgment against Defendant City of Austin as follows:

1. Declaring that the City of Austin's policy and practice regarding the arrest of Reyes and others while engaged in recording police activity violates the First and Fourteenth Amendments;

2. Enjoining the City of Austin from further violations of Reyes' rights under the First and Fourteenth Amendments and the Privacy Protection Act of 1980;

3. Awarding Reyes his actual damages and minimum damages of $1,000 per violation of the Privacy Protection Act;

4. Awarding Reyes reasonable attorneys' fees incurred in this lawsuit pursuant to 42 U.S.C. § 1988 and 2000aa-6(f);

5. Awarding costs of court herein; and

6. Granting such other and further relief deemed just and proper.

Respectfully submitted,

/s/ *Peter D. Kennedy*
Peter D. Kennedy
State Bar No. 11296650
pkennedy@gdhm.com
Daniela Peinado Welsh
State Bar No. 24127300
dwelsh@gdhm.com
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
(512) 480-5764
(512) 536-9908 (Fax)

**ATTORNEYS FOR PLAINTIFF JULIAN REYES**

**CERTIFICATE OF SERVICE**

    I certify that on June 26, 2023, I caused a copy of the forgoing document to be served by the Electronic Case Filing System for the United States District Court for the Western District of Texas on all parties registered or otherwise requesting electronic notice in this case.

                                              */s/ Peter D. Kennedy*
                                              Peter D. Kennedy