**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JULIAN REYES, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF AUSTIN | § | CASE NO. 1:21-CV-0992-RP |
| *Defendant.* | § | |

## DEFENDANT CITY OF AUSTIN'S AMENDED PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant City of Austin files its Amended Proposed Findings of Fact and Conclusions of Law as follows:

1. On January 4, 2019, APD Officers Gadiel Alas and Corey Hale were enforcing the City of Austin's sidewalk camping ordinances near the ARCH on East Seventh Street in Austin, Texas. As the officers were discussing the ordinances with several individuals at the southwest corner of East Eighth Street and Neches Street, Plaintiff Julian Reyes approached the group and interjected himself into the officers' interaction with the individuals.

2. Reyes filmed the interaction between himself, the officers and the other individuals at the scene. The officers never instructed Reyes to stop filming the interaction. Reyes never informed the officers that he was a journalist or that he intended to publish or otherwise disseminate the video. The officers did not know or reasonably believe that Reyes intended to publish or otherwise disseminate the video.

3. The video demonstrates that Reyes was in close proximity to the officers and the other individuals during the entire interaction. At one point, Officer Hale ordered Reyes to step back by instructing Reyes as follows: "Can you step back for me?  To the Curb?"  Reyes did not follow these orders and instead remained approximately 3-5 feet from Officer Hale.

4. Reyes interjected himself into the conversations between the officers and other individuals and interrupted the officers' attempts to explain the applicable ordinances to the individuals and the officers' efforts to issue citations to the individuals.

5. Officer Alas gave Reyes several clear orders including: "Move over there; I need you to move over there; Stand right over there; Stand up and stand by that wall; and I'm going to arrest you if you don't stand up and stand by that wall." Compliance with these orders would not have impeded Reyes's ability to film the incident. Reyes heard and understood these orders but did not comply with any of Alas's orders. Instead of complying with the orders, Reyes replied more than once: "I'm not going to do anything you tell me to do." Reyes also told Alas: "You can give me a ticket, or you can arrest me. I don't really care."

6. Eventually, Officer Alas placed Reyes under arrest for violating Section 38.15(a)(1) of the Texas Penal Code which provides: "A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with…a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." During the arrest, Officers Alas and Hale conducted an inventory of Reyes's personal items, including a camcorder and cellphone, and the officers turned these items over to Travis County officials when Reyes was booked at the Travis County jail. Reyes was subsequently released from jail the next day, and the camcorder and cellphone were returned to Reyes. Neither Officer Alas nor Officer Hale viewed any videos or other information contained on Reyes's camcorder or cellphone.

7. The officers' actions in turning in Reyes's camcorder and cellphone to Travis County officials during Reyes's arrest booking were not a violation of the Privacy Protection Act, 42 U.S.C. §2000aa. Reyes produced insufficient evidence that the arresting officers either knew

that Reyes was a journalist or reasonably believed that Reyes was planning to disseminate the video to the public.

8.     Additionally, the "suspect exception" to the Privacy Protection Act applies to Reyes's arrest on January 4, 2019. The video of the incident demonstrates that Officer Alas had probable cause to arrest Reyes for interference with public duties under Section 38.15(a)(10 of the Texas Penal Code. First, the video clearly demonstrates that Reyes interrupted, disrupted, impeded or otherwise interfered with the officers' duties or authority while the officers were attempting to enforce the city ordinances. Moreover, it is undisputed that Reyes did not comply with the officers' instructions to physically move from his current location. Probable cause exists when a person does not follow instructions necessary for an officer to perform their duties. *See Bailey v. Ramos,* No. 23-50185 (5th Cir., Jan. 10, 2025)(officer could reasonably believe he had probable cause to arrest suspect for interference with public duties when suspect ignored officer's instructions to stay away from crime scene); *Spillers v. Harris Cnty., Tex.,* ---F.4th---, 2024 WL 4002382, at *4 (5th Cir. Aug. 30, 2024)(finding that officer had probable cause to arrest plaintiff for interference with public duties when he failed to comply with instructions to move away from a crime scene); *Westfall v. Luna,* 903 F.3d 534, 544 (5th Cir. 2018)(finding that officer had probable cause to arrest plaintiff for interfering with his duties when she did not follow his instructions not to go into a home); *Childers v. Iglesias,* 848 F.3d 412, 415 (5th Cir. 2017)(finding that officer had probable cause to arrest plaintiff for violating officer's instructions when plaintiff "did more than just argue with police officers; he failed to comply with an officer's instruction, made within the scope of the officer's official duty and pertaining to physical conduct rather than speech."); *Haggerty v. Texas Southern University,* 391 F.3d 653, 657 (5th Cir. 2004)(reasonable officer could have believed with fair probability that arrestee had

interfered with officer's duties when arrestee ignored officer's warnings to step back); *see also Hall v. Trochessett,* 105 F.4th 335, 343-44 (5th Cir. 2024)(speech only defense did not vitiate probable cause at the time of arrest); *Voss v. Goode,* 954 F.3d 234, 240 (5th Cir. 2020). Additionally, the camcorder and cellphone relate to the offense since Reyes was filming his interactions with the police officers before and while he was arrested.

9. Since the City of Austin did not violate the Privacy Protection Act during the incident which is the subject of this lawsuit, the Court should dismiss Plaintiff's PPA claim with prejudice.

RESPECTFULLY SUBMITTED,

DEBORAH THOMAS, INTERIM CITY ATTORNEY
SARA SCHAEFER, ACTING CHIEF, LITIGATION

*/s/ H. Gray Laird*
H. Gray Laird
Assistant City Attorney
State Bar No. 24087054
gray.laird@austintexas.gov
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-1342
Facsimile: (512) 974-1311

**ATTORNEYS FOR DEFENDANT CITY OF AUSTIN**

**CERTIFICATE OF SERVICE**

       This is to certify that on January 23, 2025 I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Western District of Texas on all parties registered or otherwise requesting electronic notice in this case.

                                       /s/   H. Gray Laird
                                       H. Gray Laird