IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIAN REYES | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-0992-RP |
| | § | |
| CITY OF AUSTIN | § | |
|     Defendant. | § | |

**DEFENDANT CITY OF AUSTIN'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW**

TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE:

Defendant City of Austin files this Reply in support of its Motion for Judgment as a Matter of Law as follows:

**ARGUMENT AND AUTHORITIES**

**I.     Plaintiff's Privacy Protection Act claim should be dismissed.**

**a.     The City did not waive the "suspect exception" defense.**

In his response, Plaintiff asserts that the City waived the suspect exception defense under the Privacy Protection Act since the City did not list the suspect exception as an affirmative defense in its answer to Plaintiff's First Amended Complaint. The Fifth Circuit has noted that "[c]entral to requiring the pleading of affirmative defenses is the prevention of unfair surprise." *Ingraham v. U.S.,* 808 F.2d 1075, 1079 (5th Cir. 1987). The Fifth Circuit has held in a number of cases that "[w]here the matter [affirmative defense] is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8c is not fatal." *Lucas v. U.S.,* 807 F.2d 414, 417-18 (5th Cir. 1986), quoting *Allied Chemical Corp. v. Mackay,* 695 F.2d 854, 855-56 (5th Cir. 1983). The defendant does not waive an affirmative defense if "[h]e raised the issue at a pragmatically sufficient time, and [the plaintiff] was not

prejudiced in its ability to respond." *Allied Chemical,* 695 F.2d at 856.

In his response, Plaintiff does not even feign surprise that the City relies on the suspect exception and for good reason: the suspect exception has been raised, briefed and discussed by the parties and the Court since the City filed its answer to the First Amended Complaint. Plaintiff's assertion that the City raises for the first time in its post-trial motion that it is not liable under the PPA because it had probable cause to arrest Plaintiff is simply inaccurate. First, Plaintiff was aware that the City contended that it had probable cause to arrest Plaintiff when Plaintiff received the City's answer to the First Amended Complaint. In his First Amended Complaint, Plaintiff alleged that the City violated the PPA when it seized Plaintiff's materials during arrests and "**[t]here was no probable cause to believe that Reyes had committed a criminal offense to which the materials related…**" (Doc. 28, ¶¶ 25; 30)(emphasis added). Notably, the City specifically denied each of these allegations in its answer to the First Amended Complaint. (Doc. 29, ¶¶ 25; 30) So, Plaintiff had notice since at least July 6, 2023 that the City contended that its officers had probable cause to arrest Plaintiff.

Second, in its Motion for Summary Judgment, the City raised the suspect exception of the PPA. (Doc. 44, pp. 2-3; 10; 16-20) The City contended that APD officers had probable cause to arrest Plaintiff for the offenses raised by Plaintiff in his First Amended Complaint. *Id.* [1] Plaintiff addressed the probable cause arguments in his response to the Motion for Summary Judgment and thus has never been surprised that the City relied on the suspect exception throughout this case.

Additionally, Plaintiff could not possibly have been surprised by the City's reliance on

---

[1] In his First Amended Complaint, Plaintiff did not identify the January 4, 2019 as an alleged violation of the PPA. (Doc. 28) In fact, Plaintiff did not identify the January 4, 2019 arrest at all until he raised it in his response to the City's Motion for Summary Judgment. (Doc. 47)

the suspect exception since the magistrate judge and this Court addressed the applicability of the suspect exception to the January 4, 2019 incident in their rulings on the City's Motion for Summary Judgment. The magistrate judge found that the APD officers had probable cause to arrest Plaintiff on January 4, 2019 for interference with public duties and that the suspect exception precluded Plaintiff's PPA claim. (Doc. 56, pp. 11; 22; 25) This Court also discussed probable cause for the January 4, 2019 arrest and the applicability of the suspect exception in its order adopting in part and rejecting in part the magistrate judge's report and recommendation. (Doc. 68, pp. 21-22) Again, Plaintiff could not possibly have been surprised that the City relied on the suspect exception in its motion for judgment as a matter of law when the magistrate and this Court fully addressed the exception in the rulings on the Motion for Summary Judgment.

Additionally, the City discussed the suspect exception to the PPA and probable cause for all of Plaintiff's arrests, including the January 4, 2019 arrest, in its Proposed Findings of Fact and Conclusions of Law which it filed on December 5, 2024, over a month before the trial of this case. (Doc. 67, pp. 4-5; 13-14). Thus, Plaintiff had even more notice that the City had raised the suspect exception and intended to rely on it at trial.

Moreover, the suspect exception to the PPA and the issue of probable cause for the January 4, 2019 arrest were brought up at trial, and the Plaintiff had ample opportunity to present evidence and argument at trial concerning the applicability of the suspect exception. At the trial of this case, defense counsel discussed probable cause and the suspect exception in his opening statement.  Additionally, Officer Alas testified that he believed he had probable cause to arrest Plaintiff for interference with public duties. Plaintiff had notice that the suspect exception would be an issue at trial and had a full and complete opportunity to address the exception and present evidence on the probable cause issue at trial.

This case is a far cry from the Fifth Circuit cases cited by Plaintiff where the Fifth Circuit held that a defendant waived an affirmative defense. In *Oden v. Oktibbeha County, Miss.,* 246 F.3d 458, 467 (5th Cir. 2001), the defendants asserted the personal staff exception to Title VII for the first time in the defendants' motion for post-trial relief which was filed after the jury returned its verdict, and the court had entered judgment. The Court stated that "[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Oden,* 246 F.3d at 467, quoting *Ingraham v. United States,* 808 F.2d 1075, 1079 (5th Cir. 1987). The Fifth Circuit held that allowing the defendant to wait until after the jury verdict to assert the personal staff exception was an unfair surprise to the plaintiff since the plaintiff was denied the opportunity to present evidence at trial concerning the applicability of the personal staff exception. *Oden,* 246 F.3d at 467; *see also Ingraham,* 808 F.2d at 1079 (defense was deemed waived where plaintiff had no opportunity at trial to challenge government's assertion of statutory limitation on medical malpractice damages or present more evidence on medical damages which were not subject to the statutory limit).

Here, Plaintiff was not ambushed at all by the City's assertion of the suspect exception to the PPA since the City denied that there was no probable cause in its answer, and the suspect exception was thoroughly discussed by the Court and parties in the summary judgment briefing and rulings. The City also raised the suspect exception in its Proposed Findings of Fact and Conclusions of Law which were filed over a month before trial. Additionally, Plaintiff's ability to present evidence at trial on the suspect exception and probable cause was not foreclosed or limited in any way. This case is akin to the Fifth Circuit's decision in *Lucas v. U.S.,* 807 F.2d 414, 418 (5th Cir. 1986). There, the Court held that the federal government did not waive a defense involving a statutory limit on the amount of nonmedical damages recoverable in a

medical malpractice action where the issue was raised at trial immediately following the testimony of an economist, and the litigants had a full opportunity at trial to develop damages not subject to the cap. *Id.* The Court held that the defendant does not waive an affirmative defense if "[h]e raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id.,* quoting *Allied Chemical,* 695 F.2d at 856.

In this case, the probable cause issue was raised at a "pragmatically sufficient time" since it was raised in the City's answer as well as the subsequent summary judgment briefing and rulings as well as the trial testimony. Plaintiff was not unfairly surprised by the City's assertion of probable cause and the suspect exception, and Plaintiff does not even attempt to argue that he was prejudiced in any way by the fact that the City did not list the suspect exception as an affirmative defense. As a result, there was no waiver of the suspect exception defense.

**b.      The "suspect exception" to the PPA applies to Plaintiff's January 4, 2019 arrest and thus his PPA claim fails.**

In his response, Plaintiff cites cases that have held that merely arguing with police officers about the propriety of their conduct does not constitute probable cause for an arrest under Texas Penal Code §38.15, and Plaintiff contends that his alleged interference on January 4, 2019 consisted of speech alone. The problem with this argument is that Plaintiff's interference was not speech alone but also consisted of repeated failure to comply with the officers' orders. Contrary to Plaintiff's assertion that Officer Alas did not give Plaintiff multiple warnings, the video of the January 4, 2019 incident demonstrates that officers repeatedly instructed Plaintiff to "step back," "move over there," "stand right over there," "stand up and stand by that wall," and "stand up and go over there." Plaintiff admitted that he heard and understood these lawful orders, and it is undisputed that he did not follow these orders. In fact, Plaintiff repeatedly told the officers that he was not going to do anything that the officers told him to do.

Failure to comply with a police officer's instruction to stand back is not protected speech and gives the officer probable cause to arrest under Texas Penal Code §38.15. *Childers v. Iglesias,* 848 F.3d 412 (5th Cir. 2017); *Westfall v. Luna,* 903 F.3d 534, 544 (5th Cir. 2018)(failing to follow a deputy's instruction moves beyond the realm of speech). The fact that some of the cases cited by the City in its motion address probable cause in the context of a qualified immunity defense does not lessen the impact of their holdings that probable cause exists for interference with public duties when a person does not follow instructions necessary for an officer to perform their duties.

The cases cited by Plaintiff in his response are distinguishable. In *Carney v. State,* 31 S.W.3d 392, 398 (Tex. App.—Austin 2000, no pet.), officers shoved the arrestee in order to enter his house although the arrestee had only verbally argued with the officers. There was no evidence that the arrestee had disobeyed any orders of the officers or interfered with the officers' duties. *Id.* Similarly, in *Pulliam v. Fort Bend County, Texas,* No. 4:22-CV-04210, 2024 WL 4068767, (S.D. Tex. Sept. 5, 2024), the evidence revealed that the arrestee had only argued with the officer and had not disobeyed the officer's orders. Here, Plaintiff disobeyed Officer Alas's clear instructions to move back even though the instructions would not have interfered with Plaintiff's ability to film the interaction. Plaintiff's actions consisted of more than just mere speech.

Moreover, the Fifth Circuit has addressed and rejected Plaintiff's argument that there was no probable cause for an arrest for interference with public duties because of the "speech-only defense." In *Hall v. Trochessett,* 105 F.4th 335, 342 (5th Cir. 2024), the Fifth Circuit held that "the 'speech-only' defense is a defense to prosecution under Texas criminal law (see Tex. Pen. Code §2.03), which is of no consequence to the argument that probable cause is lacking. A

defense that may be raised in future proceedings does not vitiate probable cause at the time of arrest." *Hall,* 105 F.4th at 342.

Probable cause to arrest "is not a high bar." *Kaley v. United States,* 571 U.S. 320, 338, 134 S. Ct. 1090 (2014). Officer Alas had probable cause to arrest Plaintiff for interference with public duties when Plaintiff interrupted, disrupted, impeded and interfered with the officers' duties within the meaning of Texas Penal Code §38.15. Since the officers had probable cause to arrest Plaintiff and the seized materials relate to the offense, the "suspect exception" to the PPA applies, and Plaintiff's PPA claim fails as a matter of law.

**c.      Plaintiff has not proven his Privacy Protection Act claim.**

Plaintiff did not introduce sufficient evidence to prove that the items allegedly seized by the APD officers were possessed by the Plaintiff with a purpose to disseminate the videos to the public. Plaintiff provided no testimony or other evidence that he was planning on disseminating these videos. Plaintiff's only evidence is that APD and Officer Alas knew that Plaintiff was an activist who in the past had performed work for the *Challenger Street Newspaper.* Yet, this is not sufficient evidence to prove that he intended to disseminate the videos from this incident. He did not testify that he intended to publish **these** videos, and he never told the officers either before or after the alleged seizure that his purpose was to disseminate these videos. As a result, Plaintiff's PPA claim fails.

Plaintiff argues that since one of his claims is that his "documentary materials" were allegedly seized, he was not required to prove that the officers reasonably believed that he was planning to disseminate the videos. Plaintiff's interpretation of 42 U.S.C. §2000aa is illogical and easily results in inconsistent results. It makes little sense why a government official could be found liable for committing an unlawful act under the statute by searching for or seizing

"documentary materials" under §(b) of the statute, such as a videotape, when he did not reasonably believe the person possessing the videotape had a purpose of disseminating it, but he would not be liable for searching or seizing "work product materials" under §(a) of the statute which are contained on the same documentary materials when he did not reasonably believe the person in possession of the work product materials had a purpose of disseminating them. The only consistent interpretation of the statute is that the government official must reasonably believe that the person in possession of work product materials or documentary materials possessed them with a purpose to disseminate them to the public. Plaintiff has not proven (1) that he had a purpose of disseminating **these** videos and (2) that Officer Alas reasonably believed that Plaintiff possessed the videos with a purpose of disseminating them to the public.

Moreover, another inconsistent reading of 42 U.S.C. §2000aa is Plaintiff's interpretation that the APD officers searched for or seized Plaintiff's cell phone and camera. The officers did nothing more than turn in Plaintiff's cell phone and camera as inventory to the Travis County booking officials. The evidence at trial revealed that neither APD officer searched for Plaintiff's "work product materials" or other "documentary materials." They did not review any material on Plaintiff's cell phone and camera. The officers did not "seize" these items either. Plaintiff's interpretation of the "search for" or "seize" element of the statute would essentially result in near strict liability for any officer who turns in an arrestee's cell phone as personal inventory if the arrestee later claimed he intended to disseminate a video contained on the cell phone. This is a far cry from the purpose of the Privacy Protection Act. *See Guest v. Leis,* 255 F.3d 325, 340 (6th Cir. 2001)("[T]he PPA was enacted to afford the press and certain other persons not suspected of committing a crime with protections not provided currently by the Fourth Amendment.") Plaintiff did not prove a violation of the PPA and, as a result, this claim should be dismissed.

## II.     Texas Penal Code §38.15 is not unconstitutional.

Plaintiff argues that if there was probable cause under Texas Penal Code §38.15 to arrest him, the statute is unconstitutional as applied to him and cannot support the suspect exception defense to the PPA. This argument is without merit.

First, Plaintiff did not assert a claim in his First Amended Complaint that the statute is unconstitutional. Nor did Plaintiff contend that the statute is unconstitutional in his response to the City's motion for summary judgment. Plaintiff also did not make this argument at trial. As a result, Plaintiff has waived this claim.

Even if Plaintiff is deemed not to have waived this claim, the claim is without merit because the application of the Texas statute to the Plaintiff's actions in this incident is not unconstitutional. While it is certainly true that "trained officers must exercise restraint when confronted with a citizen's anger over police action,"[2] and "[p]olice officers reasonably may be expected to exercise a higher degree of restraint than the average citizen,"[3] that is exactly what Officer Alas did in this incident. Officer Alas exercised considerable restraint in response to Plaintiff's repeated efforts to interfere with the officers' interactions with the individuals about the camping ordinances. Officer Alas gave Plaintiff several clear orders to move a short distance which would not have interfered with Plaintiff's rights to free speech or to record the incident, and Plaintiff blatantly refused to comply with those orders.

Failure to comply with a police officer's instruction to stand back is not protected speech and gives the officer probable cause to arrest under Texas Penal Code §38.15. *Childers v. Iglesias,* 848 F.3d 412 (5th Cir. 2017); *Westfall v. Luna,* 903 F.3d 534, 544 (5th Cir. 2018)(failing to follow a deputy's instruction moves beyond the realm of speech). Officer Alas did not arrest

---

[2] *Mesa v. Prejean,* 543 F.3d 264, 273 (5th Cir. 2008).
[3] *Freeman v. Gore,* 483 F.3d 404, 414 n. 7 (5th Cir. 2007).

Plaintiff for violating Texas Penal Code §38.15 because Plaintiff merely argued with the officers or criticized them. Officer Alas arrested Plaintiff because he failed to comply with Alas's lawful orders. This application of Texas Penal Code §38.15 to Plaintiff's actions is not unconstitutional.

## PRAYER

For the above reasons, Defendant City of Austin respectfully requests that the Court grant this motion and enter judgment as a matter of law in favor of the Defendant City of Austin and dismiss Plaintiff's claims with prejudice. Defendant further requests any additional relief to which it is entitled.

RESPECTFULLY SUBMITTED,

DEBORAH THOMAS, INTERIM CITY ATTORNEY
SARA SCHAEFER, ACTING LITIGATION
DIVISION CHIEF

/s/   H. Gray Laird III
H. Gray Laird III
Assistant City Attorney
State Bar No. 24087054
gray.laird@austintexas.gov
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-1358
Facsimile: (512) 974-1311
**ATTORNEYS FOR DEFENDANT CITY OF AUSTIN**

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this the 31st day of January, 2025.

/s/   H. Gray Laird III
H. GRAY LAIRD III